```
            UNITED STATES DISTRICT COURT
             DISTRICT OF MASSACHUSETTS

JACQUELINE M. BREWINGTON,
              Plaintiff,

        v.                      Civil Action No. 05-10934-WGY

DANE SHULMAN, ET AL.,
              Defendants
```

## MEMORANDUM AND ORDER FOR DISMISSAL AND CERTIFICATION BY DISTRICT JUDGE THAT APPEAL IS NOT TAKEN IN GOOD FAITH

YOUNG, C.J.

For the reasons stated below, the above captioned matter is dismissed, and this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), that Plaintiff's appeal is not taken in good faith.

### BACKGROUND

Plaintiff, a frequent filer,[1] filed a complaint accusing the Defendants of taking $881,842,521. (See Summons dated 4-30-05). Plaintiff claims that in January 1994, she had a contingent fee contract with Attorney Dane Shulman in connection with a head injury case, but that Attorney Shulman assigned the case to an associate, Attorney David McCarthy, without her consent and over her objection. She claims that a few weeks thereafter, Attorney McCarthy called her to come into the office and meet with

---

[1] Plaintiff filed three other civil actions on the same date. See Brewington v. Annette Hill Green, et al. C.A. 05-10935-REK; Brewinton v. Kris Francois, et al, C.A. 05-10920-MEL; Brewington v. Nancy Coleman C.A. 05-10919-MEL. These cases were all dismissed *sua sponte*, and Plaintiff was advised that further filing of frivolous or vexatious actions could result in the imposition of sanctions.

Attorney Shulman, but that Attorney McCarthy "was tricking me and fooling me as well as beating me up and taking all my thing [sic] from me." Compl. ¶ 15. She stated she complained about this for a few years, to the Law Offices of Dane M. Shulman, and that the harassment ceased. She states she changed her telephone number and gave it to Attorney McCarthy for Dane Shulman, but that the number was given to another attorney, Sheldon S. Ananian, who claimed to be her lawyer. Compl. ¶¶ 16-18. She claims that Ananian was "grabbing on and was trying to get me to not tell anyone that they the defendants was beating me up and taking my stuff from me." Compl. ¶ 19. She was later advised counsel was withdrawing from the case.

Plaintiff claims Dane M. Shulman breached the contingent fee contract three times, and never represented her in her head injury case. She seeks money damages of $881,842,521.

On May 10, 2005, this Court allowed Plaintiff's Application to Proceed *in forma pauperis*, and also entered an electronic Order directing Plaintiff to show cause within forty-five (45) days why this action should not be dismissed, for lack of jurisdiction.

Plaintiff failed to show cause as directed, and filed a Notice of Appeal, on June 17, 2005, notwithstanding the fact that no judgment or order of dismissal of this action had entered.

## ORDER

Accordingly, in light of the above, and for Plaintiff's

failure to state a cognizable cause of action invoking the federal subject matter jurisdiction of this Court, it is hereby ORDERED that this action is dismissed.

## CERTIFICATION

Pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), this Court finds, and hereby certifies, that Plaintiff Brewington's appeal would not be taken in good faith. Such a certification prohibits *in forma status* on appeal even though Plaintiff has been found to be indigent.

Under 28 U.S.C. § 1915(a)(3) "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." Id. Similarly, under Fed. R. App. P. 24(a)(3), a party who has been permitted to proceed *in forma pauperis* in the district court may proceed on appeal *in forma pauperis* without further authorization, unless the district court certifies that the Appeal is not taken in good faith. Id. (emphasis added). Plaintiff may seek permission to Appeal *in forma pauperis* from the Court of Appeals.

Based on Plaintiff's litigation history and the failure to state a cognizable federal claim in this action, Plaintiff's Appeal is deemed to be not taken in good faith. Even assuming, *arguendo*, that Plaintiff subjectively believes her Appeal of the dismissal is taken in good faith, an objective standard is nevertheless applied. See, e.g., Boddie v. New York State

Division of Parole, 2004 WL 1326270 at *1 (S.D.N.Y. 2004) (objective standard and not subjective belief of appellant is applied); Wilson v. Ferrise, 2004 WL 3222886 at *1 (D. Minn. 2004)(same); Bauer v. U.S. Attorney General, 2003 WL 1610787 at *1 (D. Minn. 2003)(same). Using this standard, the Court finds Plaintiff's Appeal would nonetheless not be taken in good faith: "The applicant's good faith is established by the presentation of any issue that is not plainly frivolous." Ellis v. United States, 356 U.S. 674, 674 (1958) (per curiam); see also Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000); Wooten v. District of Columbia, 129 F.3d 206, 208 (D.C. Cir. 1997). In legal parlance, a complaint is "frivolous" if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Here, Plaintiff has at most set forth assault and malpractice claims, but fails to set forth any facts which invoke either the federal question or diversity jurisdiction of this Court. This Court finds that Brewington's Appeal is one that plainly does not deserve additional judicial attention.

/s/ William G. Young  
WILLIAM G. YOUNG  
CHIEF, UNITED STATES DISTRICT JUDGE  
DATED: July 12, 2005